1  William C. Reeves
   State Bar No. 8235
2  MORALES FIERRO & REEVES
   725 S. Eighth Street, Suite B
3  Las Vegas, NV 89101
   Telephone: 702/699-7822
4  Facsimile: 702/699-9455

5  Attorneys for Plaintiff
   Northern Ins. Co. of New York

6

7

8

9

10                          UNITED STATES DISTRICT COURT

11                                  DISTRICT OF NEVADA

12  NORTHERN INS. CO. OF NEW YORK,    )   Case No.: 2:11-cv-01672-PMP -GWF
                                       )
13          Plaintiff,                 )
                                       )
14      vs.                            )
                                       )
15  NATIONAL FIRE & MARINE INS. CO.,   )
                                       )
16          Defendant.                 )
                                       )
17  _____  )

18

19

20      OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR SEVER AND
             COUNTER-MOTION REQUESTING BIFURCATION AND/OR
21                  APPOINTMENT OF A SPECIAL MASTER

22

23

24

25

26

27

28

Table of Contents

| | |
|---|---:|
| Introduction | 1 |
|     Option 1 – Bifurcate the case pursuant to FRCP 42 such that the duty to Defend is initially adjudicated | 3 |
|     Option 2 – Appoint a Special Master pursuant to FRCP 53 | 3 |
| Facts | 4 |
| Discussion | 4 |
|     A.    Plaintiff Has Stated A Cause Of Action. | 4 |
|         1.    Declaratory Relief | 5 |
|         2.    Contribution | 6 |
|     B.    Dismissal Of Claims Is Not Available. | 7 |
|     C.    If Manageability Is An Issue, Options Available To This Court Include Bifurcation And/Or Appointment Of A Special Master. | 8 |
|     Option 1 – Bifurcate the case such that duty to defend is initially adjudicated. | 8 |
|     Option 2 – Appoint a Special Master pursuant to FRCP 53. | 9 |
|     D.    If This Court Concludes That Pleading Is Deficient In Any Way, Leave To Amend Is Requested. | 10 |
| Conclusion | 10 |

Table of Authorities

I.   U.S. Supreme Court Cases

Ashcroft v. Iqbal, ................................................................................................... 5
129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)

Bell Atlantic Corp. v. Rwombly, ............................................................................ 5
550 U.S. 544 (2007)

Conley v. Gibson, .................................................................................................. 5
55 U.S. 41 (1957)

II.  9th Circuit Cases

Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., ...................................... 5
896 F.2d 1542 (9th Cir. 1990)

Paerto v. FDIC, ...................................................................................................... 5
139 F.3d 696 (9th Cir. 1998)

Shroyer v. New Cingular Wireless Services, Inc., .................................................. 5
622 F.3d 1035 (9th Cir. 2010)

III. Nevada Federal Court Cases

Assurance Co. of Am. V. Nat'l Fire & Marine Ins. Co., ..................................... 2, 9
2011 U.S. Dist. LEXIS 84122 (D. Nev. 2011)

First Financial Ins. Co. v. Scotch 80's Limited, Inc., .......................................... 2, 9
2009 U.S. Dist. LEXIS 54982 (D. Nev. 2009)

Turk v. TIG, ........................................................................................................ 2, 9
616 F.Supp.2d 1044 (D. Nev. 2009)

IV.  Other Federal Court Cases

Acceptance Ins. Co. v. American Safety RRG, ................................................ 2, 3, 9
2011 U.S. Dist. LEXIS 88101 (S.D. Cal. 2011)

Bank v. Pitt, ........................................................................................................... 10
928 F.2d 1108 (11th Cir. 1991)

Deajess Medical Imaging, PC v. Allstate Ins. Co., ........................................ 2, 8, 9
344 F.Supp.2d 907 (S.D.N.Y. 2004)

Lanier Business Products v. Graymar Co., ............................................................ 7
342 F.Supp. 1200 (D. Md. 1972)

Markham v. State Farm Mutual Automobile Ins. Co., ........................................... 7
326 F.Supp. 39 (W.D. Okla. 1972)

MGD Graphic Systems, Inc. v. A & A Bindery, Inc., ..................................... 2, 7, 9
76 F.R.D. 66 (E.D. Pa. 1977)

PMA Capital Ins. Co. v. American Safety Indemnity Co., ............................. 2, 3, 9
695 F.Supp.2d 1124 (E.D. Cal. 2010)

V.  Other State Court Cases

American Star Ins. Co. v. ICW, .......................................................................... 6
232 Cal.App.3d 1320 (Cal. 1991)

Fireman's Fund Ins. Co. v. Maryland Cas. Co., ................................................... 6
65 Cal.App.4th 1279 (Cal. 1998)

NAC v. Claremont Liab. Ins. Co., ....................................................................... 6
177 Cal.App.4tj 272 (Cal. 2009)

Safeco Ins. Co. of America v. Superior Court, .................................................... 6
140 Cal.App.4th 878 (Cal. 2006)

Truck Ins. Exc. V. Unigard Ins. Co., .................................................................... 6
79 Cal.App.4th 966 (Cal. 2000)

USAA v. Alaska Ins. Co., ..................................................................................... 6
94 Cal.App.4th 638 (Cal. 2001)

VI.  Statutes and Rules

FRCP 8 ................................................................................................................. 5

FRCP 8(a) ............................................................................................................. 4

FRCP 9 ................................................................................................................. 5

FRCP 12(b)(6) ..................................................................................................... 5

FRCP 15(a) ......................................................................................................... 10

FRCP 18 ....................................................................................................... 2, 8, 9

FRCP 18(a) .......................................................................................................... 7

FRCP 42 ........................................................................................................ 1, 2, 8

FRCP 53 ............................................................................................................ 1, 9

U.S.C. § 2201 ...................................................................................................... 5

Plaintiff Northern Insurance Company of New York ("Northern") hereby both responds to the motion to dismiss or sever and separately moves for the bifurcation of all claims pursuant to FRCP 42 and/or the appointment of a Special Master pursuant to FRCP 53 as follows:

<u>Introduction</u>

This case is one of four (4) that have been filed by related insurance companies against National Fire & Marine Ins. Co. ("National Fire") to address its continued pattern and practice of refusing to acknowledge coverage obligations in construction defect cases.[1]  Assurance Company of America ("Assurance"), Maryland Casualty Company ("Maryland") and Northern (collectively "Zurich") are related companies with common ownership and claims handlers.[2]  National Fire is a co-insurer that disclaimed coverage to common insureds in connection with construction defect matters based on a simplistic application of a prior damages endorsement in which damages are presumed to commence at the time construction work is completed.

The volume of cases at issue is a by-product of National Fire's systemic effort to deny coverage without meaningfully evaluating its obligations, largely in the context of when another insurer is defending so as to profit from the other insurer's participation.  National Fire's claim notes confirm that the denials are promptly issued after the completion of perfunctory investigations solely to confirm when construction work was completed, triggering the issuance of a form disclaimer letters.  This protocol worked because another carrier (i.e., Zurich) participated in the cases, ultimately paying sums to protect co-insureds.

Given the uniform manner in which National Fire disclaims coverage, it has the ability to assign a solitary claims adjuster the responsibility for issuing disclaimers nationwide, including every disclaimer at issue in the four (4) matters.  In contrast, the claims at issue involve at least

---

[1] The four (4) cases are as follows: (1) <u>Assurance v. National Fire & Marine</u>, Case No.: 2:09-cv-01182-JCM-PAL ("<u>Assurance I</u>"); (2) <u>Assurance v. National Fire & Marine</u>, Case No.: 2:10-cv-02182-RLH-GWF ("<u>Assurance II</u>"); (3) <u>Maryland v. National Fire & Marine</u>, Case No.: 2:11-cv-01671-KJD RJJ ("<u>Maryland I</u>"); and (4) <u>Northern v. National Fire & Marine</u>, Case No.: 2-11-cv-01672-PMP-GWF ("<u>Northern I</u>").  <u>Maryland I</u> and <u>Northern</u> I were filed in response to an order entered in <u>Assurance II</u> mandating that suits be filed on behalf of each plaintiff individually  See Order filed on June 17, 2001 in <u>Assurance II</u> (Dkt. No. 39).  National Fire filed the identical motions to dismiss in <u>Assurance II</u>, <u>Maryland I</u> and <u>Northern</u> I.  Similar Oppositions are or will be filed in each matter.

[2] See Certificate of Interested Parties, filed in <u>Assurance I</u> on August 14, 2009 (Dkt. No. 9).

---

twenty (20) separate Zurich adjusters, and likely more.  The only way National Fire's practice of employing a single adjuster to issue disclaimers nationwide is feasible is by the use of form letters denying coverage.

The claims have been brought together in a single suit for several reasons, including the following:.

• The cases involve a common set of circumstances in which National Fire, in response to a tender as to a construction defect matter, performed a limited investigation solely to confirm when construction work was completed so as to trigger the issuance of a form letter to disclaim coverage.

• Since the cases involve circumstances in which National Fire disclaimed coverage and refused to defend, the threshold issue to determine is whether a duty to defend exists.  The determination and adjudication of this issue is limited to the information available to National Fire at the time it disclaimed coverage.  See Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co., 2011 U.S. Dist. LEXIS 84122 (D. Nev. 2011); First Financial Ins. Co. v. Scotch 80's Limited, Inc., 2009 U.S. Dist. LEXIS 54982 (D. Nev. 2009); Turk v. TIG, 616 F.Supp.2d 1044 (D. Nev. 2009).

• If a duty is held not to exist, the claim fails and will be disposed of.  Conversely, if a defense is held to exist, a presumption exists that the non-participating carrier is liable for the sums paid in defense and indemnity.  See Acceptance Ins. Co. v. American Safety RRG, 2011 U.S.Dist LEXIS 88101 (S.D.Cal. 2011); PMA Capital Ins. Co. v. American Safety Indemnity Co., 695 F.Supp.2d 1124 (E.D. Cal. 2010).  Given this, once a duty is held to exist, the sole remaining issue to be adjudicated is allocation.

• The FRCP expressly permits a plaintiff to plead multiple claims in a single suit. FRCP 18; See MGD Graphic Systems, Inc. v. A & A Bindery, Inc., 76 F.R.D. 66 (E.D. Pa. 1977); Deajess Medical Imaging, PC v. Allstate Ins. Co., 344 F.Supp.2d 907 (S.D.N.Y. 2004).

National Fire's motions filed in the various cases are misguided as they provide little assistance in developing a structure for litigating these claims.  While the motions create the impression that National Fire prefers a separate suit for each of the underlying claims, it is unwilling to request this type of relief since it would result in 170+ suits, many of which would fall below the

jurisdictional minimum of this Court's diversity jurisdiction such that the litigation would occur in State Court.  As National Fire is fearful of litigating in State Court, it instead reaps the benefit from the fact that the claims are joined (so as to obtain this Court's jurisdiction) while simultaneously complaining about the size of the case, all without providing this Court with a rational vehicle to adjudicate the claims.

A logical, efficient and streamlined approach exists to adjudicating these claims.  Plaintiff offers two suggested options.

**Option 1 - Bifurcate the case pursuant to FRCP 42 such that the duty to defend is initially adjudicated.**

Since an insurer's duty to defend is adjudicated based on the information available to the denying insurer at the time it disclaims coverage, duty to defend issues can be adjudicated solely via written motion and based entirely on the information known and documentation possessed by National Fire at the time it disclaimed coverage, all of which is contained in its claim files.  Phase I, therefore, would solely involve the duty to defend based solely on defendant's claim files.

If a duty to defend is held not to exist, the claim is disposed of in its entirety, obviating the need for any additional work.  Conversely, if a duty is held to exist, a presumption exists that the non-participating carrier is liable for the sums paid in defense and indemnity.  See Acceptance Ins. Co. v. American Safety RRG, 2011 U.S.Dist LEXIS 88101 (S.D.Cal. 2011); PMA Capital Ins. Co. v. American Safety Indemnity Co., 695 F.Supp.2d 1124 (E.D. Cal. 2010).  Given this, once a duty is held to exist, the sole remaining issue to be adjudicated is allocation.

**Option 2 - Appoint a Special Master pursuant to FRCP 53.**

FRCP 53 provides for the appointment under "exceptional conditions."  Assuming National Fire concerns regarding the volume of the claims is well-founded, then a Special Master should be appointed to preside over the disputes between the parties.

The reality is that National Fire's motion to dismiss fails as a plaintiff is expressly permitted to plead multiple claims in a single suit.  Accordingly, for the reasons discussed here, National Fire's motion should be denied.  Meanwhile, the claims at issue should either be bifurcated or a Special Master should be appointed.

Facts

As alleged in the Complaint, the gravamen of this dispute are the coverage positions taken by National Fire as to common insureds. The key and material allegations to this dispute, all of which have been explicitly pled, are as follows:

- National Fire issued commercial general liability policies to a group of insureds. Complaint, ¶ 5.
- Pursuant to the policies it issued, National Fire agreed to defend the insureds in suits in which damages because of "property damage" is alleged. Complaint, ¶ 6.
- National Fire's insureds were named as defendants in various matters. Complaint, ¶ 7.
- In every underlying matter at issue in this suit, allegations of damages because of "property damage" were alleged. Complaint, ¶ 8.
- In every underlying matter at issue in this suit, National Fire received a tender from its insured. Complaint, ¶ 9.
- In response to the tenders, National Fire disclaimed coverage and refused to provide a defense. Complaint, ¶ 10.
- Plaintiff issued commercial general liability policies to the same insureds. Complaint, ¶ 5.
- Plaintiff incurred sums on behalf of the co-insureds by providing a defense and/or settling the claims. Complaint, ¶ 11.
- The sums Plaintiff incurred are in excess of its equitable share. Complaint, ¶ 12.

Discussion

A. <u>Plaintiff Has Stated A Cause Of Action.</u>

FRCP 8(a) provides as follows:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> ///

   (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The purpose of FRCP 8 is to afford a defendant with fair notice of what the claim is and the grounds upon which it rests. <u>Bell Atlantic Corp. v. Rwombly</u>, 550 U.S. 544 (2007). To comply with FRCP 9, all that is required is sufficient factual matter to state a claim to relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)

Relief under FRCP 12(b)(6) is only available in extraordinary instances when a party is not entitled to relief even if all material allegations are presumed true. <u>Paerto v. FDIC</u>, 139 F.3d 696, 699 (9th Cir. 1998). A Rule 12(b)(6) motion is proper, therefore, only when the Complaint fails to allege either a cognizable legal theory or the absence of specific facts to state any valid legal theory. <u>Shroyer v. New Cingular Wireless Services, Inc.</u>, 622 F.3d 1035, 1041 (9th Cir. 2010). A Court may not grant a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims which would entitle it to relief. <u>Conley v. Gibson</u>, 55 U.S. 41, 45-46 (1957).

The Complaint includes causes of action for Declaratory Relief and Contribution. Adequate allegations have been made in support of each to state valid claims.

  1. <u>Declaratory Relief</u>

The Declaratory Judgment Act permits a Federal Court to declare the rights and obligations of any interested parties. U.S.C. § 2201. Generally, a party is required to show that there is a substantial controversy between parties having adverse legal interests, and the controversy is immediate and real to warrant declaratory relief. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.</u>, 896 F.2d 1542, 1555 (9th Cir. 1990).

In this case, the controversy that exists involves whether defendant owes a duty to defend common insureds in construction defect matters. Defendant has disclaimed coverage in connection with numerous claims. Plaintiff, a co-insurer, contends that defendant's position is incorrect. In this suit, plaintiff seeks a declaration regarding whether defendant owed a duty to defend in each of the separate claims.

1  The concerns raised in defendant's motion are not based on the absence of allegations in the
2  Complaint, but instead the merits of these allegations. Because defendant's declination letters
3  issued as to the claims pled in this matter are devoid of any analysis or meaningful evaluation, each
4  claim is appropriately before this Court given the allegations pled.

5  Defendant is aware of the facts and circumstance surrounding each of the claims since it
6  issued disclaimers as to each of them. National Fire's own claim files, therefore, will allow it to
7  understand the claims at issue in this case.

8  Through discovery (and informally through meet and confer), defendant will be afforded the
9  opportunity to demonstrate that it validly denied coverage. Ultimately, however, this case (as well
10 as the other matters) would benefit from some structure as to an efficient manner of adjudicating all
11 claims.

12  2.  Contribution

13  Equitable contribution permits a participating insurer that paid in excess of its proportionate
14 share to seek reimbursement from another insurer that did not share in the obligation. Fireman's
15 Fund Ins. Co. v. Maryland Cas. Co., 65 Cal.App.4th 1279, 1293 (Cal. 1998). The purpose of the
16 rule is to accomplish substantial justice by equalizing a common burden shared by co-insurers.
17 Truck Ins. Exc. V. Unigard Ins. Co., 79 Cal.App.4th 966, 974 (Cal. 2000).

18  To be entitled to contribution, the burden is on the participating insurer to prove a potential
19 for coverage under the coinsurer's policy. Safeco Ins. Co. of America v. Superior Court, 140
20 Cal.App.4th 874, 879 (Cal. 2006). Once met, the burden shifts to the denying coinsurer to prove the
21 absence of actual coverage. NAC v. Claremont Liab. Ins. Co., 177 Cal.App.4th 272, 296 (Cal.
22 2009).

23  Co-insurers that improperly refuse to join in the defense waive the right to challenge the
24 reasonableness of the defense costs incurred or the amounts paid in settlement. American Star Ins.
25 Co. v. ICW, 232 Cal.App.3d 1320, 1322-1323 (Cal. 1991). This is so because the insurer that
26 denies coverage relinquishes the right to object to the manner in which the claim was handled and
27 resolved. USAA v. Alaska Ins. Co., 94 Cal.App.4th 638, 644 (Cal. 2001).
28 ///

1  As noted above, the counts for Declaratory Relief seek an adjudication regarding whether
2  defendant owed a duty to defend. If successful, a ruling would issue holding that defendant owed
3  an actual duty to defend.

4  By virtue of a favorable ruling, plaintiff will have met its burden to assert a contribution
5  claim per above. While the amount of damages will be according to proof, the fact that plaintiff
6  will be able to state a prima facie case for contribution will be met solely with a favorable ruling a
7  to the duty to defend.

8  It is important to note that all sums plaintiff has incurred in connection with defense and
9  settlement of all pled have been disclosed to defendant pursuant to Initial Disclosures in <u>Assurance
10 II</u>. Given this, the implication that defendant is somehow ignorant of the claims at issue is belied
11 not only by the fact that its own files confirm that disclaimed coverage, but also by the disclosures
12 it has received from plaintiff in this case.

13 Accordingly, plaintiff respectfully submits that it has pled a valid and cognizable claim for
14 contribution.

15 B.   <u>Dismissal Of Claims Is Not Available.</u>

16 FRCP 18(a) provides as follows:

17 > A party asserting a claim, counterclaim, crossclaim, or third-party
>    claim may join, as independent or alternative claims, as many
18 >    claims as it has against an opposing party.

19 As the rule expressly states, a party asserting a claim for relief against an opposing party has
20 the right to join with that claim any and all claims which he has against the opposing party in a
21 single complaint. <u>MGD Graphic Systems, Inc. v. A & A Bindery, Inc.</u>, 76 F.R.D. 66 (E.D. Pa.
22 1977). The claims which may properly be joined under Rule 18(a) include those which arise out of
23 separate and independent transactions or occurrences, as well as those which arise out of a single
24 transaction or occurrence. <u>Lanier Business Products v. Graymar Co.</u>, 342 F. Supp. 1200, 1203
25 (D.Md. 1972). Given this, the broadest possible scope of action through joinder of claims, parties
26 and remedies is to be encouraged. <u>Markham v. State Farm Mutual Automobile Ins. Co.</u>, 326 F.
27 Supp. 39, 41 (W.D.Okla. 1971).
28 ///

1    The only restriction upon this broad policy of joinder is that the Court, in its discretion, may
2    sever the claims where a failure to do so would result in great unfairness or prejudice to a party.
3    FRCP 42.  Accordingly, a single plaintiff may join as many claims, related and unrelated, as it has
4    against a single defendant.  <u>Deajess Medical Imaging, PC v. Allstate Ins. Co.</u>, 344 F.Supp.2d 907
5    (S.D.N.Y. 2004).
6    Defendant implies that this Court has the discretion to dismiss claims.  Per FRCP 18, such
7    relief is not available.
8    C.   If Manageability Is An Issue, Options Available To This Court Include Bifurcation And/Or Appointment Of A Special Master.
9
10   A theme of the paperwork filed by National Fire in this and other matters is that the volume
11   of claims creates manageability issues.  National Fire, however, fails to offer a solution.
12   In reality, a logical, efficient and streamlined approach exists to adjudicating these claims.
13   Plaintiff offers two suggested options.
14   <u>Option 1 - Bifurcate the case such that duty to defend is initially adjudicated</u>.
15   FRCP 42 provides as follows:
16   Rule 42.  Consolidation; Separate Trials
17   (a)   Consolidation. If actions before the court involve a common question of law or fact, the court may:
18
19   (1)   join for hearing or trial any or all matters at issue in the actions;
20   (2)   consolidate the actions; or
21   (3)   issue any other orders to avoid unnecessary cost or delay.
22
23   (b)   Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-
24   party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.
25
26   Since an insurer's duty to defend is adjudicated based on the information available to the
27   denying insurer at the time it disclaims coverage, duty to defend issues can be adjudicated solely via
28   written motion and based entirely on the information known and documentation possessed by

1  National Fire at the time it disclaimed coverage.  See Assurance Co. of Am. v. Nat'l Fire & Marine
2  Ins. Co., 2011 U.S. Dist. LEXIS 84122 (D. Nev. 2011); First Financial Ins. Co. v. Scotch 80's
3  Limited, Inc., 2009 U.S. Dist. LEXIS 54982 (D. Nev. 2009); Turk v. TIG, 616 F.Supp.2d 1044 (D.
4  Nev. 2009).  Phase I, therefore, would solely involve the duty to defend.
5      If a duty to defend is held not to exist, the claim is disposed of.  Conversely, if a duty is held
6  to exist, a presumption exists that the non-participating carrier is liable for the sums paid in defense
7  and indemnity.  See Acceptance Ins. Co. v. American Safety RRG, 2011 U.S.Dist LEXIS 88101
8  (S.D.Cal. 2011); PMA Capital Ins. Co. v. American Safety Indemnity Co., 695 F.Supp.2d 1124
9  (E.D. Cal. 2010).  Given this, once a duty is held to exist, the sole remaining issue to be adjudicated
10  is allocation.
11      Option 2 - Appoint a Special Master pursuant to FRCP 53.
12      FRCP 53 provides as follows:

> (a)    Appointment.
>
>> (1)    Scope. Unless a statute provides otherwise, a court may appoint a master only to:
>>
>>> (A)    perform duties consented to by the parties;
>>>
>>> (B)    hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>>>
>>>> (i)    some exceptional condition; or
>>>>
>>>> (ii)    the need to perform an accounting or resolve a difficult computation of damages; or
>>>
>>> (C)    address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

24      Prong B(i) applies given the volume of cases at issue.  While National Fire implies that this
25  Court is empowered to dismiss claims brought by a single plaintiff, the reality is that a plaintiff has
26  the discretion to bring multiple claims in a single suit.  See FRCP 18; See MGD Graphic Systems,
27  Inc. v. A & A Bindery, Inc., 76 F.R.D. 66 (E.D. Pa. 1977); Deajess Medical Imaging, PC v. Allstate
28  Ins. Co., 344 F.Supp.2d 907 (S.D.N.Y. 2004).  While plaintiff, given the volume of claims, is

1  amenable to a severance in which legal issues are bifurcated, an alternative is to appoint a Special
2  Master.
3    Prong C applies for the same reason given the volume of matters and the core legal issues
4  that need to be decided.  A theme of National Fire's briefing is that some of these claims should be
5  dismissed as they do not involve a circumstance of National Fire disclaiming coverage and failing
6  to defend.  If true, the parties would benefit in a structured environment in which information and
7  documents are readily exchanged along with a meet and confer regarding which claims should
8  remain at issue.
9  D. If This Court Concludes The Pleading Is Deficient In Any Way, Leave To Amend Is Requested.
10
11   Leave to amend shall be freely given when justice so requires.  FRCP 15(a).  Where a more
12 carefully drafted pleading might state a claim, a plaintiff must be given a chance to amend.  <u>Bank v.</u>
13 <u>Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991).
14   If this Court concludes that the pleading is materially deficient in any way, leave to amend is
15 requested.

16 <u>Conclusion</u>

17   Based on the foregoing, request is made that defendant's motion be denied, and that this
18 Court either bifurcate the issue of duty to defend and/or appoint a Special Master.
19 Dated: November 14, 2011

20              MORALES FIERRO & REEVES
21
22
23          By: /s/ William C. Reeves
            William C. Reeves
24             MORALES FIERRO & REEVES
            725 S. Eighth Street, Suite B
25             Las Vegas, NV 89101
            Attorneys for Plaintiff
26
27
28